IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**WALTER TRAVIS**                                                                             **PLAINTIFF**

**v.**                                      **Case No**. **2:20-cv-00091 KGB**

**ONIEL REYES LEYVA,** *et al.*                                               **DEFENDANTS**

<u>**ORDER**</u>

Before the Court is separate defendant Tami Leasing, Inc.'s ("Tami Leasing") motion to dismiss (Dkt. No. 6). Plaintiff Walter Travis has not responded to the motion, and the time to do so has passed. For the following reasons, the Court denies Tami Leasing's motion to dismiss (Dkt. No. 6).

**I.**      **Background**

Mr. Travis initiated this lawsuit against Tami Leasing and separate defendants Oniel Reyes Leyva, Cresco Capital, Inc., Nathan Greenup, Paschall Truck Lines, Kenneth Castile, and AN Webber, Inc. ("AN Webber"), in the Circuit Court of St. Francis County, Arkansas, on March 18, 2020 (Dkt. No. 2). In his complaint, Mr. Travis alleges that, on April 1, 2017, defendants were negligent in relation to an accident involving Mr. Travis's eighteen-wheeler and three eighteen-wheelers allegedly driven by defendants in which Mr. Travis claims he suffered damages (*Id.*, ¶¶ 6–9). Mr. Travis alleges, among other things, that "[t]he Defendant, Kenneth Castile, driver for Tami Leasing, Inc., Lessee, A N Webber, Inc., was guilty of the following acts of common law negligence" and that "[a]t all times relevant Kenneth Castile was working within the scope of his employment for Tami Leasing, Inc., Lessee, A N Webber, Inc. Therefore, Tami Leasing, Inc., Lessee, A N Webber, Inc. is therefore liable for the negligent acts of its driver." (*Id.*, ¶ 9). On May 5, 2020, AN Webber, Tami Leasing, and Mr. Castile removed this case to this Court (Dkt. No. 1).

Tami Leasing now moves to dismiss Mr. Travis's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 6).  Tami Leasing asserts that Mr. Travis's complaint incorrectly states that Mr. Castile is an employee of Tami Leasing (*Id.*, ¶ 3).  According to Tami Leasing, Mr. Castile is an employee of AN Webber, Tami Leasing is the owner and lessor of the tractor-trailer driven by Mr. Castile, and AN Webber is the lessee of the tractor-trailer (*Id.*, ¶¶ 3–4).  Tami Leasing argues that, under the Graves Amendment to the Safe, Accountable, Flexible, Efficient Transportation Equity Act, 49 U.S.C. § 30106, Tami Leasing is not liable for any harm resulting from the use of its equipment because it is the owner lessor of the equipment (Dkt. No. 7, at 3).

## II.     Legal Standard

In a diversity suit, this court applies "federal pleading standards . . . to the state substantive law to determine if a complaint makes out a claim under state law." *Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 548 (8th Cir. 2013).  A motion to dismiss for failure to state a claim tests the legal sufficiency of the claim or claims stated in the complaint.  *See Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  Although a complaint "does not need detailed factual allegations" to survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Stated differently, the allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

A court considering a motion to dismiss must accept as true all well-pleaded facts in the complaint and draw all reasonable inferences from those facts in favor of the non-moving party. *See Farm Credit Servs. of Am., FLCA v. Haun*, 734 F.3d 800, 804 (8th Cir. 2013); *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005); *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 914 (8th Cir. 2001).  However, a court need not credit conclusory allegations or "naked assertion[s] devoid of further factual enhancement." *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768 (8th Cir. 2012) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678).  In short, "[a] complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

**III.     Analysis**

The Graves Amendment protects "[a]n owner of a motor vehicle that rents or leases the vehicle" from liability "for harm to persons or property that results" from use of a rented vehicle if "(1) the owner . . . is engaged in the trade or business of renting or leasing motor vehicles; and (2) there is no negligence or criminal wrongdoing on the part of the owner[.]"  49 U.S.C. § 30106(a).  Tami Leasing argues that the Graves Amendment protects it from liability because it is the owner of the tractor and trailer which were leased to AN Webber and driven by Mr. Castile on the day of the accident and because Mr. Travis has not alleged any independent negligence on behalf of Tami Leasing (Dkt. No. 7, at 3–4).

At this stage of the proceeding, based on the factual allegations in Mr. Travis's complaint and the legal standards that control resolution of a motion to dismiss, the Court concludes that it is unable to determine that the Graves Amendment applies to Tami Leasing on the basis of the allegations in Mr. Travis's complaint.  In his complaint, Mr. Travis alleges that Mr. Castile is a

driver for "Tami Leasing, Inc., Lessee, A N Webber, Inc.," that Mr. Castile was negligent, and that Mr. Castile was working within the course and scope of his employment for "Tami Leasing, Inc., Lessee, A N Webber, Inc." (Dkt. No. 2, ¶ 9). Mr. Travis does not allege that Tami Leasing owned or rented out Mr. Castile's truck or that Tami Leasing is engaged in the business of renting or leasing motor vehicles, which is what Tami Leasing contends in its filing with no record evidence submitted in support for the Court's consideration.

To the extent that Tami Leasing disputes Mr. Travis's allegations and the inferences to be drawn from those allegations, such inquiries are not appropriate for the Court at the motion to dismiss stage. The Court recognizes that, in their answer to Mr. Travis's complaint, AN Webber and Mr. Castile admit that Mr. Castile was an employee of AN Webber on April 1, 2017, acting within the scope of his employment and deny that Mr. Castile was at any time an employee of Tami Leasing (Dkt. No. 3, ¶¶ 4, 9). However, the operative standard requires the Court to accept as true all well-pleaded facts in the complaint. *See Farm Credit Servs. of Am.*, 734 F.3d at 804. Accordingly, on the basis of Mr. Travis's allegations, the Court denies Tami Leasing's motion to dismiss.

### IV. Conclusion

For the foregoing reasons, the Court denies Tami Leasing's motion to dismiss (Dkt. No. 6).

It is so ordered this 15th day of March, 2021.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge

4